UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA T. WILLIAMS,

     **Plaintiff,**

v.                           **Case No. 8:24-cv-02814-AAS**

FRANK BISIGNANO[1],
COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**
_____/

## <u>ORDER</u>

Plaintiff Rhonda T. Williams requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for period of disability and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the Commissioner's decision is **AFFIRMED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit.

## I.    PROCEDURAL HISTORY

On June 23, 2022, Ms. Williams applied for DIB, alleging disability beginning on May 1, 2020. (Tr. 224–25, 238–39). Disability examiners denied her disability applications initially and on reconsideration. (Tr. 101, 112–15). Following a hearing, the ALJ issued a decision unfavorable to Ms. Williams on September 7, 2023. (Tr. 10–21).

The Appeals Council denied Ms. Williams's request for review on October 9, 2024. (Tr. 1–3). Ms. Williams now requests judicial review. (Doc. 1, 18).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Ms. Williams was 47 years old on her alleged disability onset date. (Tr. 224). Ms. Williams graduated from high school and has past employment as a cashier, a food preparer, and a director of childcare. (Tr. 263–64). Ms. Williams alleges disability due to several physical impairments, including chronic kidney disease, acute renal failure, diabetes mellitus, peripheral edema, and cardiac problems. (Tr. 262).

## B.      Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a disability claim.[2] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limits her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected."). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

past work experience) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. Williams had not engaged in substantial gainful activity during the period from her alleged onset date of May 1, 2020, through her date last insured of June 30, 2022. (Tr. 12). The ALJ found Ms. Williams has these severe impairments: chronic kidney disease, end-stage renal disease, hypertension, obesity, neuropathy, coronary artery disease, congestive heart failure, and diabetes mellitus. (Tr. 12–14). However, the ALJ concluded Ms. Williams's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. *Id.*

The ALJ found Ms. Williams has an RFC to perform light work,[5] except:

> [L]ifting 20lbs occasionally and 10lbs frequently; carrying 20lbs occasionally and 10lbs frequently; sitting for 6hrs, standing for 6hrs, walking for 6hrs. She can push/pull as much as she can lift/carry. She can handle and finger items frequently bilaterally. [Ms. Williams] can climb ramps and stairs occasionally, never climb ladders, ropers, or scaffolds, balance frequently, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. [Ms. Williams] can work at unprotected heights frequently, moving mechanical parts frequently, in extreme cold

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

frequently, in extreme heat frequently, and in vibration frequently.

(Tr. 16).

Based on these findings and a vocational expert's testimony, the ALJ determined Ms. Williams could perform her past relevant work as a daycare center director. (Tr. 19). The ALJ also found that there were other jobs that exist in significant numbers in the national economy that Ms. Williams could also perform. (*Id.*). Specifically, as a Merchandise Marker, Survey Worker, and Sales Attendant. (Tr. 20). As a result, the ALJ found Ms. Williams was not disabled from May 1, 2020, the alleged onset date, through June 30, 2022, the date last insured. (*Id.*).

## III.    ANALYSIS

### A.    Standard of Review

A review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The

Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issue on Appeal

Ms. Williams argues the ALJ's RFC assessment for light work did not fully reflect her subjective complaints and the medical evidence leading up to her initiation of dialysis. (Doc. 18, pp. 4–13). In response, the Commissioner contends that the ALJ adequately considered Ms. Williams's subjective complaints, and substantial evidence supports the ALJ's disability determination. (Doc. 20, pp. 6–13).

To establish disability based on subjective complaints about one's symptoms, the claimant must prove: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

The ALJ must assess the claimant's subjective statements and can consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors about the claimant's functional limitations and restrictions because of her pain or symptoms. 20 C.F.R. § 404.1529(c)(3), (4); 20 C.F.R. § 404.1529(c)(3)(i)-(vii). The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

Here, the ALJ concluded:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence

7

and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17).

Importantly, the ALJ's findings were not limited to the above paragraph. The ALJ explained throughout her decision why she found Ms. Williams's testimony was not consistent with the record. (Tr. 17–20). Before her alleged onset date, May 1, 2020, Ms. Williams was diagnosed with multiple chronic conditions that were stable, and her physical examination revealed minimal abnormalities and no new symptoms. (Tr. 17). Her treatment notes documented normal reflexes, normal sensation, normal range of motion, normal gait, and/or normal motor strength. (Tr. 397, 404, 410, 420, 427, 439, 445, 453, 458, 463, 468, 472, 516, 536, 566–67, 593, 602, 609, 635, 644, 651, 661, 801, 857–58).

C.F.R. § 404.1529(c) provides that medical opinions can be relied on when evaluating a claimant's subjective complaints. However, the ALJ may not reject a claimant's subjective complaints only because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2). This regulation instructs that the ALJ must "carefully consider any other information [a claimant] may submit about [her] symptoms." 20 C.F.R. § 404.1529(c)(3). The ALJ may reject testimony about subjective complaints,

but such rejection must be supported by substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *see also Miraco B. v. Comm'r, Soc. Sec. Admin.*, No. 19-CV-05777, 2021 WL 9667338, at *12 (N.D. Ga. July 8, 2021) (citing SSR 16-3p at *7-8) ("The regulations do not require ALJs to explicitly identify and address each of the factors outlined in 20 C.F.R. §§ [404.]1529(c)(3) and 416.929(c)(3) in evaluating the intensity, persistence, and limiting effects of an individual's symptoms.").

When evaluating Ms. Williams's subjective complaints, the ALJ fully considered Ms. Williams's complaints in conjunction with medical opinions and prior administrative medical findings and reasonably reaffirmed Ms. Williams's RFC. (Tr. 18–19). In doing so, the ALJ specifically noted that Dr. Julie Bruno—whose findings were affirmed by Dr. Ellen Suarez-Perez—assessed no more than mild mental limitations; Dr. Steven Arkin opined that Ms. Williams remained capable of light work; and Dr. Fabiola Schlessinger described work-related functional abilities. (Tr. 18). The ALJ also considered additional objective evidence, including diagnostic imaging and physical examination findings, which supported the need for ongoing treatment but did not demonstrate limitations inconsistent with the ALJ's RFC assessment. (Tr. 19).

Ms. Williams argues her symptoms and limitations are "far greater

limitations than the ALJ accounted for . . . ." (Doc. 18, p. 8). Ms. Williams argues that because she began dialysis four months after her date last insured, she necessarily has been work-preclusive as of the date last insured. (Doc. 18, pp. 9–10). However, "for DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she was insured." *Moore v. Barnhard*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ reasonably determined Ms. Williams's RFC by considering the relevant period. (Tr. 14–19). Ms. Williams's chronic conditions were monitored and controlled prior to her date last insured. (Tr. 18). "She had no weakness, numbness, or reduced sensation. She was not reporting frequent fatigue, chest paints, shortness of breath, edema, or other symptoms that would have required further intervention." (*Id.*).

Furthermore, the court may "discern no error in the ALJ's decision to discount the Plaintiff's subjective complaints based, in part, upon [her] noncompliance with treatment . . . ." *Keplar v. Saul*, No. 8:18-cv-1370, 2019 WL 4744941, at *6 (M.D. Fla. Sep. 30, 2019). Here, Ms. Williams admitted noncompliance with her diabetes and hypertension medications, as well as her failure to follow the recommended diabetic diet. (Tr. 17, 426, 457, 954–55). Additionally, in March 2022, Ms. Williams was instructed to seek emergency care for elevated blood pressure, yet the administrative record includes no

documentation of an emergency room visit or hospital admission. (Tr. 17). Thus, the ALJ did not improperly discount Ms. Williams's complaints when considering her noncompliance. (*Id.*); *Keplar*, 2019 WL 4744941, at \*6.

An ALJ may also properly rely on a claimant's activities of daily living when evaluating the claimant's subjective complaints and determining his or her RFC. 20 C.F.R. § 404.1529(c)(3)(i); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *see e.g. Laws v. Saul*, No. 8:19-cv-123-t-AAS, 2020 WL 13601696 at \*7 (M.D. Fla. Apr. 27, 2020) ("The ALJ noted, despite [the claimant's] impairments, she reported she cares for her son including cooking, cleaning, and doing laundry."). Ms. Williams was able to cook simple meals, was largely independent in personal care, and was able to go out shopping with her family. (Tr. 13, 17, 43–47). The ALJ properly considered Ms. Williams's daily activities and substantial evidence supports the ALJ's determination that Ms. Williams's subjective complaints are not entirely consistent with the medical evidence and the record.

The ALJ considered the relevant evidence in evaluating Ms. Williams's subjective complaints, and substantial evidence supports the ALJ's determination that Ms. Williams's subjective complaints are not consistent with the record. *See Hunter v. Comm'r of Soc. Sec.*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we

give great deference to the ALJ's fact findings."). The court may not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Even when the court finds the evidence could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence and based on proper legal standards. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The ALJ applied the proper legal standards, analyzed the evidence, and articulated why she did not find Ms. Williams's subjective complaints consistent with the evidence. Thus, the ALJ properly evaluated Ms. Williams's subjective complaints, and remand is not required.

## IV.   CONCLUSION

For the reasons stated the Commissioner's decision is **AFFIRMED**, and the Clerk of Court is directed to enter judgment for the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on February 2, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

12